1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

WILLIAM BOWENS,

                Petitioner,

       v.

ROBERT A. HOREL,

                Respondent.

No. 2:07-CV-0993 RBL   P

ORDER

## I.   __Introduction__

     Petitioner William Bowens is serving a three-strike enhanced sentence of 40-years to life for conviction of robbery in violation of California Penal Code §211, and receipt of stolen property in violation of California Penal Code §496.  Having exhausted his appellate avenues and having been denied habeas corpus relief in state court, Petitioner filed a Petition for a Writ of Habeas Corpus in this Court.  Petitioner makes three claims for habeas review.  First, petitioner claims his 14th Amendment Due Process Rights were violated when the state court ruled that the erroneous jury instruction regarding "fear" was harmless.  Second, petitioner claims violation of his 14th Amendment right to effective assistance of appellate counsel because his counsel did not review the voir dire proceedings transcripts.  Lastly, petitioner claims ineffective assistance of trial counsel in violation of his Sixth Amendment right because his counsel failed to advise Petitioner to seek and accept a plea agreement, or inform him of a plea agreement if the prosecutor had offered one.

## II.  **Prior Proceedings**

On August 27, 2004, a jury convicted Petitioner William Bowens of robbery in violation of California Penal Code §211, and receipt of stolen property in violation of California Penal Code §496, in the California Superior Court, Sacramento County.  Petitioner admitted enhancements for four previous convictions which resulted in previous prison terms, three of which had qualified as "strike" offenses under California Penal Code §§ 667.5(b), 667(a)-(I), 1170.12.  The court imposed a sentence of forty years to life, twenty-five years to life for robbery, plus a consecutive fifteen years to life on the enhancement for his three prior felonies. A concurrent sentence of twenty-five years to life was imposed on the receipt of stolen property count.

On February 17, 2005, Bowens filed an appeal with the California Court of Appeal, Third Appellate District, contending that the jury was erroneously instructed that the taking element of robbery could be accomplished by fear.  The California Court of Appeal found the instruction erroneous, but found the error harmless, and affirmed the Petitioner's conviction.

On April 25, 2005, Bowens filed a petition for rehearing with the California Court of Appeal, Third Appellate District, which was subsequently denied on August 4, 2005.

On August 16, 2005, Bowens petitioned the California Supreme Court for review.  Review was denied on September 21, 2005 without comment.

Bowens filed a writ of habeas corpus petition with the Sacramento County Superior Court on May 24, 2006 based on two grounds: 1) ineffective assistance of appellate counsel because transcripts of voir dire proceedings were not obtained; and 2) ineffective assistance by trial counsel for failing to obtain or advise Petitioner to request a plea offer from the prosecutor.  The petition was denied on July 12, 2006.

Bowens filed petitions with the California Court of Appeal, Third Appellate District on August 7, 2006, and the California Supreme Court on September 11, 2006, alleging the same as he did in his initial habeas petition.  Both petitions were denied, on August 24, 2006, and March 21, 2007, respectively, without comment or citation.

On May 25, 2007, Bowens filed a federal habeas petition in the United States District Court, Eastern District of California.  The petition was transferred to the Western District of Washington for consideration.

### III.   Factual History

Petitioner has not challenged the following factual findings which support his conviction:

As Jennifer Mitchell walked from her car in the parking lot of a Sacramento area Wal-Mart, she felt a 'very startling' tug from her shoulder, like a 'jolt.'  Before that, she had neither heard nor seen anyone from behind approach her.  Mitchell realized immediately [that] the shoulder strap on her purse had broken and her purse was gone.  Turning, she saw defendant running away with her purse.

Although she felt afraid and a little disoriented, she ran after him, screaming for help.  When passerby and an off-duty probation officer caught the defendant, Mitchell's purse was in his possession.  Defendant said he had taken the purse "because I was hurting" from drug withdrawal.

When the defendant was arrested, he had checks belonging to a second victim, Patricia Rangel, whose checkbook had been stolen with her purse from a shopping cart in the same Wal-Mart parking lot the month before.   The thief was an African-American man, like defendant, but Rangel could not identify him.

Defendant was charged with robbery in the theft of Mitchell's purse (Cal. Pen. Code §211), and with receiving stolen property by virtue of having Rangel's checks in his possession (Cal. Pen. Code §496, subd. (a)).

Defendant testified and admitted at trial he ran up behind Mitchell and snatched her purse so that he could get a little money to buy some cocaine, as he had been addicted to drugs for many years.  He denied intending to scare or injure Mitchell.

But he denied having taken Rangel's purse in the same parking lot.  Rather he testified, a sometime housemate had given him Rangel's checks a few day before his arrest and he knew they were stolen.

The jury found defendant guilty of both charges.

Opinion of the California Court of Appeal, Third Appellate District Affirming the Judgment, *William Bowens v. Robert A. Horel*, Case No. C047792 (July 18, 2005).

### IV.   Discussion

A federal court may grant a habeas corpus application arising from a state-court adjudication on the merits if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1414 (2009).  Having reviewed each of petitioner's claims, the Court DENIES Bowens' Petition for a Writ of Habeas Corpus on all claims.

### A. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition.  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court]

1  and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*,

2  538 U.S. 63, 73 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) and *citing Bell v.*

3  *Cone*, 535 U.S. 685, 694 (2002)).

4       A state court decision is an unreasonable application of clearly established Supreme Court

5  precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing

6  legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of

7  the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 75 (*quoting Williams*, 529 U.S. at 413). The

8  "unreasonable application" clause requires the state court decision to be more than merely incorrect or

9  erroneous; the state court's application of clearly established federal law must be objectively unreasonable.

10  *Id.* (*quoting Williams*, 529 U.S. at 409).

11       In determining whether a state court decision is contrary to, or an unreasonable application of

12  federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S.

13  797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir.2000), *cert. denied,* 534

14  U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to

15  be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear

16  and convincing evidence." 28 U.S.C. § 2254(e)(1).

17  **B.   Improper Jury Instruction Claim**

18       Petitioner contends the appellate court erred when it found that an additional jury instruction on

19  fear was harmless. Petitioner argues that the erroneous jury instruction allowed a conviction without the

20  prosecution proving beyond a reasonable doubt every element of the charged offense. The State argues

21  that the state court's harmless error finding was not objectively unreasonable, and that the harmless-error

22  determination was neither contrary to, nor an unreasonable application of controlling United States

23  Supreme Court precedent.

24       **1.   Background**

25       In the present case, the trial court gave the jury the instruction that California Penal Code §211

26  requires that the taking element of robbery must be accomplished "by means of force or fear." The court

27  then went on to elaborate on the fear element of robbery with CALJIC No. 9.41, but did not elaborate on

28  the force element. Petitioner appealed to the California Court of Appeals and challenged the trial court's

additional instruction on fear.  The appellate court found that the trial court erred in instructing the jury

with CALJIC No. 9.41,  but found the instruction harmless because sufficient evidence supported the

finding that the robbery was accomplished by force.  The court found that there was no reversible

instructional error.

**2.  Controlling Supreme Court Precedent**

A reviewing court faced with a habeas constitutional challenge to a jury instruction must determine

whether the alleged error was of a constitutional dimension and if so, whether it was harmless. *Calderon v.*

*Coleman,* 525 U.S. 141, 145-46 (1998).  An improper jury instruction only violates the Fourteenth

Amendment due process right if it infects the entire trial. *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). An

undesirable, erroneous, or condemned jury instruction is insufficient to constitute a constitutional error.

*Estelle,* 502 U.S. at 71-72; *Cupp v. Naughten,* 414 U.S. 141, 147 (1973); *Prantil v. California,* 843 F.2d

314, 317 (9th Cir. 1988).

Challenged jury instructions are considered in the context of the instructions and trial as a whole,

not in isolation. *Estelle,* 502 U.S. at 72; *Cupp,* 414 U.S. at 147.  A state appellate court's harmless error

determination is upheld unless the state court unreasonably applied the law and it had a "substantial and

injurious effect" in determining the jury verdict. *Brecht v. Abrahamson*, 507 U.S. 617, 637-38 (1993);

*Calderon,* 525 U.S. at 145-46 (citations omitted); *see also Prantil v. California,* 843 F.2d at 317-18.

**3.  Analysis**

Petitioner argues that the appellate court unreasonably applied the law when it presumed that the

jury heeded the standard instruction to disregard any instruction which it found unsupported by the

evidence.  Jurors are presumed to be intelligent, capable of understanding the instructions and applying

them to the facts of the case.  *People v. Lewis*, 26 Cal.4th 334, 390 (2001).  A reviewing court must

consider the instructions as a whole and assume jurors are capable of understanding all the instructions

given.  *People v. Fitzpatrick*, 2 Cal.App.4th 1285, 1294 (1992).  Presuming that the jury was intelligent,

and heeded the trial court's standard jury instruction is not an unreasonable application of the law.

Petitioner further contends that the erroneous instruction permitted the jury to "convict based on

the factually insufficient scenario."  This is incorrect.  Even if the court had not instructed CALJIC 9.41, it

is unlikely that the Petitioner would have received a different verdict.  California Penal Code §211 defines

robbery as "the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force *or* fear." Cal. Penal Code §211 (emphasis added).   Consistent with Cal. Pen. Code §211, the trial court gave the instruction that "[e]very person who takes personal property in the possession of another, against the will and from the person or immediate presence of that person, accomplished by means of force or fear and with the specific intent to permanently deprive that person of the property, is guilty of the crime of robbery . . . ."   Trial Transcript at 172:20-27.   The trial court instructed that the fourth element is fulfilled if the "taking was accomplished either by force *or* fear." *Id.* at 176:12-14 (emphasis added).

Having instructed the jury that either taking accomplished by force or taking accomplished by fear was sufficient for the fourth element, the court erroneously elaborated on fear:   "the element of fear in the crime of robbery may be either: One, a fear of an unlawful injury to the person or the property of the person robbed; or the fear to the person or property of anyone in the company of the person robbed at the time of the robbery." *Id.* at 176:16-21.   Even if the trial court had omitted the erroneous instruction on fear, the facts presented to the jury still support that the jury would have found that the robbery was accomplished by force.

While some force must be used to seize the property and overcome resistence, the force need not be extreme in character.   "The degree of force [to convict one of robbery] is immaterial" *People v. Jones,* 2 Cal.App.4th 867, 871 (1992).   "An accepted articulation of the rule is that '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . .'" *People v. Burns,* 172 Cal.App.4th 1251, 1259 (Cal.App. 2 Dist. 2009)(citation omitted).   In *People v. Roberts,* the defendant approached the victim from behind, grabbed her handbag and jerked it down, breaking the handle.   *People v. Roberts,* 57 Cal.App.3d 782, 785.   The court held that evidence that the purse was grabbed with enough force to break the handle supports the implied finding that the requisite force for robbery existed. *Id.* at 787.   While "grabbing or snatching property from the hand has often held to be grand larceny, and not robbery," *People v. Church,* 116 Cal. 300, 303 (1897), the fact that Ms. Mitchell felt "very startling" tug from her shoulder, like a 'jolt'", and her purse strap broke as a result is substantial and sufficient evidence to support the finding of the fourth element of taking accomplished by "force" for a conviction for Cal. Penal Code §211 robbery.   Moreover, appellant testified, "I used enough

1   force to make [the strap] break."  In this case, the state appellate court determined that a reasonable juror

2   would find that defendant would still be convicted even if the fear instruction had not been given.  This is

3   not an unreasonable application of the law.

4         Petitioner also contends that the court  wrongly characterized the error as a factually supported

5   theory that was harmless under the prejudice standard of *People v. Guiton*, 4 Cal.4th 1116, 1128-29

6   (1993).  *Guiton* states, if there are two possible grounds for the jury's verdict, one unreasonable and the

7   other reasonable, it will be assumed, absent a contrary indication in the record, that the jury based its

8   verdict on the reasonable ground. *Guiton,* 4 Cal.4th at 1127.  Here, the jury was given the instruction that

9   the fourth element of robbery could be accomplished either by force *or* fear.  While the court erroneously

10  gave the instruction on fear, the jury was still informed of the element of force.  Petitioner has not provided

11  any reference to a contrary indication that the jury did not base its finding on the reasonable instruction,

12  and, having the reviewed the record, the Court has not found one.

13        Petitioner argues that the harmless error conclusion transgresses *People v. Aguilar,* 16 Cal.4th

14  1023, 1034 (Cal. 1993), and violates the Fourteenth Amendment Due Process clause, contravening

15  *Chapman v. California*, 386 U.S. 18, 24 (1967).  In *Aguilar*, the California Supreme Court reversed the

16  appellate court's finding that, when the prosecutor had argued that the defendant's shoes could be

17  considered a deadly weapon in assault, it was a harmless error.  The appellate court was reversed on the

18  following grounds:

19        "[W]hen the prosecution presents the jury with alternative factual scenarios on the basis of which it
          may convict a defendant, but the evidence is insufficient to support one of those scenarios, the error
20        is not reversible (absent an indication in the record that the verdict actually did rest on the
          inadequate ground). *See People v. Guiton*, *supra*, 4 Cal.4th at p. 1129.) If, however, an erroneous
21        instruction would permit the jury to convict based on the factually insufficient scenario, a reviewing
          court will reverse the conviction unless, from the jury's findings, it can determine beyond a
22        reasonable doubt the jury did not in fact rely on the erroneous instruction and factually deficient
          scenario. *People v. Harris,* 9 Cal.4th 407, 416-19 (1994).

23  *People v. Aguilar,* 16 Cal.4th 1023, 1034 (1997)(internal citations omitted).  Here, the erroneous

24  instruction did not permit the jury to convict on a factually insufficient scenario.

25        An instructional error does not require reversal unless it is affirmatively shown that defendant was

26  prejudiced by it, and that there is a reasonable probability that, absent the error, the jury would have

27  returned a verdict more favorable to the defendant. *People v. Nunez*, 7 Cal.App.3d 655, 662; *People v.*

28  *Russell,* 59 Cal.App.2d 660, 664 (1943); *People v. Soules,* 41 Cal.App.2d 298, 313 (1940).  Given that the

facts of this case favor conviction for robbery, Petitioner has not established that there was a reasonable probability that the jury would have returned a more favorable verdict.   The factual findings of the trial court were beyond sufficient to convict plaintiff of robbery, and Petitioner has not established otherwise. The error is not reversible.

*Chapman* recognizes that "harmless-error rules can work very unfair and mischievous results when, for example, highly important and persuasive evidence, or argument, though legally forbidden, finds its way into a trial in which the question of guilt or innocence is a close one." *Chapman v. California*, 386 U.S. 18, 22-23 (1967).   Where the error is of federal constitutional magnitude, the court must be able to declare a belief that it was harmless beyond a reasonable doubt to be held harmless. *Id.* at 24.   Here, the question of guilt or innocence was not a close one.   While Plaintiff pled not guilty to the robbery count, his testimony regarding his own actions on January 4, 2004 support that he committed robbery.   The erroneous instruction regarding fear did not infect the entire trial, and cause the jury to come to an unjust verdict.   The error was not of a constitutional dimension.

The state court's harmless error finding was not objectively unreasonable.   It was neither contrary to, nor an unreasonable application of controlling United States Supreme Court precedent.   Petitioner's request for habeas relief on the jury instruction error claim is DENIED.

## C.  Ineffective Assistance of Appellate Counsel Claim

Petitioner argues that his appellate counsel was constitutionally ineffective when he failed to request transcripts of the voir dire proceedings in order to pursue the claim that the prosecutor engaged in purposeful discrimination in violation of *Batson/Wheeler*[1] standards.   Petitioner argues that he had a duty to insure that the record was complete, and to review the entire record for both trial and constitutional errors, including during voir dire.   Petitioner claims that his jury was all white; "under-represented of [black] juror's", and "people of color."   Petitioner also claimed that the prosecutor made race-based peremptory challenges during voir dire.

---

[1]*Batson v. Kentucky*, 496 U.S. 79, 84 (1986); *People v. Wheeler*, 22 Cal.3d 258, 276-77 (1978).

1

### 1.   **Background**

On his first appeal, Petitioner was represented by Carlo Andreani.  Petitioner first raised the claim of ineffective assistance of appellate counsel in habeas petitions in the Sacramento County Superior Court. The Sacramento Superior Court denied the habeas petition, and issued the following opinion:

> "Petitioner . . . fails to attach reasonably available documentary evidence to support a cross-sectional claim under <u>Duren v. Missouri</u> (1979) 439 U.S. 357, that trial counsel could have made that would have been successful during jury selection.  Nor does he specifically describe, or attach a copy of the jury voir dire transcript to show, any instance of an exercise of a peremptory challenge that the prosecutor made that, had trial counsel made an objection under <u>Batson v. Kentucky</u> (1986) 476 U.S. 79 or <u>People v. Wheeler</u> (1978) 22 Cal.3d 258, would have been successful during jury selection.  As such, this claims fail, under <u>In re Swain</u> (1949) 34 Cal.2d 300 and <u>In re Harris</u> (1993) 5 Cal.4th 813, 827 fn. 5."

Petition for Writ of Habeas Corpus – Order, Superior Court of California, County of Sacramento (July 12, 2006).

Petitioner made the same claim in the California Court of Appeal, Third Appellate District, and the California Supreme Court, both of which denied the petitions containing this claim without comment. Thus, the Sacramento Superior Court decision is the last "reasoned decision" and provides the basis for the state court judgment.  *Avila v. Galaza*, 297 F.3d 911, 918 (9th. Cir. 2002).

### 2.   **Standard**

The Sixth Amendment to the United States' Constitution provides that a criminal defendant "shall enjoy the right to have assistance of counsel for his defense.  U.S. Const. Amdt. 6.  On appeal, the Fourteenth Amendment Due Process Clause guarantees the criminal defendant effective assistance of counsel.  *Evitts v. Lucey,* 469 U.S. 387, 394 (1985).

> "This right is limited to the first appeal as of right, *see Ross v. Moffitt*, 417 U.S. 600, (1974), and the attorney need not advance every argument, regardless of merit, urged by the appellant, *see Jones v. Barnes*, 463 U.S. 745 (1983). But the attorney must be available to assist in preparing and submitting a brief to the appellate court, *Swenson v. Bosler*, 386 U.S. 258 (1967) (per curiam), and must play the role of an active advocate, rather than a mere friend of the court assisting in a

detached evaluation of the appellant's claim. *See Anders v. California*, 386 U.S. 738 (1967); *see also Entsminger v. Iowa*, 386 U.S. 748 (1967)."

*Id.* at 394-95. (Evitts at 394)

Claims of ineffective assistance of counsel are reviewed according the *Strickland* standard. Counsel's assistance is ineffective if 1) "counsel's representation fell below an objective standard of reasonableness;" and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Generally, petitioner bears the burden of establishing that his "counsel's performance was deficient." *Stickland,* 466 U.S. at 687; *United States v. Quintero-Barraza,* 78 F.3d 1344, 1348 (9th Cir. 1995). To succeed on an ineffective assistance of counsel claim, the petitioner must make a sufficient factual showing to substantiate the claims. *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1999)(*quoting Strickland*, 466 U.S. at 690). A petitioner must demonstrate that his counsel's conduct "so undermined the proper functioning of the adversarial process that trial cannot be relied upon as having produced a just result." *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999), *overruled on other grounds*, *Slack v. McDaniel*, 529 U.S. 473 (2000); see also *Delgado v. Lewis*, 223 F.3d 976, 981 (9th Cir. 2000).

There are however, three categories of cases, described in *Strickland*, in which prejudice may be presumed:

"First, we presume prejudice in a case of denial of counsel. Second, "various kinds of state interference with counsel's assistance" can warrant a presumption of prejudice. Id., at 692; see Cronic, 466 U.S., at 659, and n. 25. Third, "prejudice is presumed when counsel is burdened by an actual conflict of interest," Strickland, 466 U.S., at 692, although in such a case we do require the defendant to show that the conflict adversely affected his counsel's performance, ibid. In most cases

in which a defendant's appeal has been found, pursuant to a valid state procedure, to be frivolous, it will in fact be frivolous."

*Smith v. Robbins*, 528 U.S. 259, 287 (2000).

A standard record on appeal includes the reporter's transcript of the oral proceedings at trial, but does not necessarily include "the voir dire examination of jurors and any opening statements." California Rules of Court, Rule 8.320(c)(3). A party, however, may move to augment the record to include matters outside the normal record. Cal. Rules of Court, Rule 8.155. To justify augmentation, the party must signify with some certainty "how materials not included in the normal transcript may be useful to him on appeal." *People v. Hill,* 67 Cal.2d 105, 124 (1067).

**3. Analysis**

Petitioner contends that on direct appeal, appellate counsel has "a duty to review the entire record for both trial and constitutional errors[;] this review also includes the Voir Dire Proceeding Transcripts." Petition For Writ of Habeas Corpus Requesting Evidentiary Hearing in the Supreme Court of the State of California, at 9:19-21. The State speculates that "[p]etitioner's trial counsel, who observed voir dire, the jury pool and prosecutor's challenges, apparently felt there was no indication the prosecutor challenged jurors based on race." Answer to Petition for Writ of Habeas Corpus, at 19:22-23.

Petitioner's ineffective assistance of appellate counsel claim does not fall into the three categories in which prejudice is presumed, therefore Petitioner must make a sufficient factual showing to substantiate the claim that his appellate counsel did not review the transcripts of the voir dire. The statement in the Superior Court's Order that the petitioner did not "attach a copy of the jury voir dire transcript to show, any instance of an exercise of a peremptory challenge that the prosecutor had made" is insufficient evidence that appellate counsel did not request or review the voir dire transcripts for trial and constitutional errors. Appellate counsel may have reviewed the transcript, and found no evidence to submit to the court in support of his claim. The Superior Court's statement defines the minimal level of evidence necessary to

establish that petitioner had a plausible *Batson/Wheeler* claim.  To meet the burden, petitioner - would at minimum - need to submit evidence that a preemptory challenge had been made.  Petitioner offers no evidence in support of his claim.  Because he has not made a factual showing to substantiate his claim, his petition for habeas corpus on the ineffective assistance of appellate counsel claim is DENIED

**D.   Ground III for Habeas Review: Ineffective Assistance of Trial Counsel**

Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to advise petitioner to pursue a plea bargain, and failed to advise the petitioner of the government's plea offer.  Petitioner requests that his sentence be vacated and that he be released from prison.

**1.   Background**

Petitioner was represented at trial by John Bowman, Attorney Law.  After the Petitioner pled not guilty to all charges, the court suggested to the parties that they enter settlement:

> THE COURT: This case sounds like something that a settlement conference would be fruitful for, but I'll leave it to you to determine whether or not you want to set one.
> MR. FIORINI: I think maybe the best course of action is I'll leave a note for the trial deputy to contact Mr. Bowman, and they can calendar a TSC if it becomes necessary.
> MR. BOWMAN: I've already given notice that we will challenge the first of three priors alleged at a future date.  Thank you.
> MR. FIORINI: I think maybe the best course of action is I'll leave a note for the trial deputy to contact Mr. Bowman, and they can calendar a TSC if it becomes necessary.
> THE COURT: This is something that looks like it could be.
> MR. BOWMAN: I'd be delighted if it were.

**2.   Standard**

Sixth Amendment ineffective assistance of counsel claims are reviewed according to the *Strickland* standard, as set forth above.  In order to succeed on an ineffective assistance of counsel claim, the

petitioner bears the burden of establishing that his "counsel's performance was deficient." *Strickland*, 466

U.S. 687; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).  To succeed on the

claim, the petitioner must make a sufficient factual showing, and overcome the presumption that counsel

has "rendered adequate assistance and made all significant decisions on the exercise of reasonable

professional judgement." *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984); *United States v.*

*Palomba*, 31 F.3d 1456, 1460 (9th.Cir. 1994) (*quoting Strickland*, 55 U.S. at 690).  Petitioner must

demonstrate that counsel's conduct "so undermined the proper functioning of the adversarial process that

the trial cannot be relied upon as a having produced a just a result." *Fuller v. Roe*, 182 F.3d 699, 703 (9th

Cir.1999), *overruled on other grounds, Slack v. McDaniel,* 529 U.S. 473 (2000).

    In *McMann v. Richardson*, the seminal decision on ineffectiveness of counsel in plea situations, the

Court described the question as not whether "counsel's advice [was] right or wrong, but . . . whether that

advice was within the range of competence demanded of attorneys in criminal cases."  *McMann*, 397 U.S.

at 771.  Thus, for Petitioner to succeed on a claim of ineffective assistance, he "must demonstrate gross

error on the part of counsel . . . ." *Id.* at 772.

### 3.  Discussion

    It is well established there is no constitutional right to plea bargain, *see Weatherford v. Bursey*, 429

U.S. 545, 561 (1977); *United States v. Mantilla*, 870 F.2d 549, 552 (9th Cir. 1989); *United States v. Osif*,

789 F.2d 1404, 1405 (9th Cir. 1986).  A prosecutor is not required to enter into plea negotiations with a

defendant merely because he requests one, or the court suggests that a plea would be fruitful.  A petitioner,

however, does have a Sixth Amendment right to the effective assistance of counsel during the plea

agreement process.  Once it attaches, the right to counsel under the Sixth Amendment applies to all "critical

stage[s] of the prosecution." *Kirby v. Illinois,* 406 U.S. 682, 690 (1972) (internal quotation marks omitted

and emphasis removed); *accord United States v. Akins*, 276 F.3d 1141, 1146 (9th Cir. 2002) (internal

1    quotation marks omitted and emphasis removed).

2        Because defendants are entitled to competent counsel "at every stage of a criminal proceeding

3    where substantial rights . . . may be affected," the right to counsel also applies at critical stages of the

4

5    sentencing phase in a criminal prosecution. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *accord United*

6    *States v. Ant*, 882 F.2d 1389, 1393 (9th Cir.1989).  The adversary nature of the proceeding, combined with

7    the possibility that a defendant will be prejudiced in some significant way by the absence of counsel, makes

8    the plea proceeding a "critical stage" of the sentencing phase in a criminal prosecution. *U.S. v. Leonti,* 326

9
     F.3d 1111, 1117 (9th Cir. 2003); *see also United States v. Fuller*, 941 F.2d 993, 995 (9th Cir.1991);
10
     Akins, 276 F.3d at 1146.
11

12       The Ninth Circuit has found ineffective assistance of counsel in cases where an attorney's failures

13   concerned the process of plea bargaining and reaching the plea agreement. *Leonti*, 326 F.3d at 1117.  In

14
     *United States v. Blaylock*, the Ninth Circuit held that the failure to communicate a plea offer to a defendant
15
     was ineffective assistance. *United States v. Blaylock,* 20 F.3d at 1465-66; *see also United States v.*
16

17   *Rivera-Sanchez*, 222 F.3d 1057, 1060-61 (9th Cir. 2000) (holding that counsel is required to communicate

18   the terms of a plea offer to a defendant, and to ensure that the defendant understands the terms of the offer

19   and its significance).  If the prosecution did offer a plea bargain, and Petitioner's counsel failed to inform

20
     him of it, then his Sixth Amendment right would have been violated.
21

22       The Federal Courts of Appeal have also recognized ineffective assistance of counsel in cases where

23   an attorney fails to advise a client to enter a plea agreement where it is clearly in the client's best interest.

24   *See United States v. Leonti*, 326 F.3d at 1117; *see also Boria v. Keane*, 99 F.3d 492, 497 (2d Cir.1996)

25   (examining counsel's failure to advise client of wisdom of accepting a plea).  In *Strickland*, the Supreme

26   Court held that the petitioner was entitled to the effective assistance of counsel in his decision whether and

27
     when to plead guilty.  The Court reasoned that "[i]f it is ineffective assistance to fail to inform a client of a
28

plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Strickland*, 466 U.S. at 690 (1984).  Here, given this was petitioner's third strike offense, it was clearly within the client's best interest to pursue a plea agreement.  If petitioner's attorney did not advise his client to pursue a plea agreement, then his sixth Amendment right was violated.

The petitioner, however, has not developed the factual basis for the claim in prior proceedings, so the Court must consider whether the petitioner has a right to an evidentiary hearing.  The AEDPA places limitations on the district court decision to conduct evidentiary hearing in § 2254(e)(2) proceedings. *See* 28 U.S.C. 2254(e)(2).  If the petitioner failed in state court to develop the factual basis for a claim, no hearing may be held unless the claim relies on (1) a new rule of constitutional law or facts previously undiscoverable and (2) it is clear by "clear and convincing evidence" that but for the claimed error, "no reasonable fact finder would have found the applicant guilty of the underlying offense." *Id.*

Petitioner's claim does not meet the AEDPA standard for an evidentiary hearing.  Petitioner's claim does not rely on a new rule of constitutional law or facts previously undiscoverable, nor has he demonstrated by "clear and convincing evidence" that but for the claimed error, "no reasonable fact finder would have found the applicant guilty of the underlying offense."  Petitioner's request for habeas relief on the ineffective assistance of trial counsel claim is DENIED.

### V.  Conclusion

Bowen's Petition for a Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED.

Dated this 17th day of August 2009.

/s/ Ronald B. Leighton
_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE